IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH UNDERWOOD,                    Case No. 6:14-cv-00934-AA
                                        OPINION AND ORDER
        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

        Defendant.
_____

AIKEN, Chief Judge:

    This action is brought pursuant to 42 U.S.C. § 405(g) to

obtain judicial review of the final decision of the Commissioner

of  Social  Security  denying  Plaintiff's  application  for

Supplemental Security Income (SSI). For the reasons below, the

Commissioner's decision is affirmed.

1 - OPINION AND ORDER

## Background

On October 26, 2010, plaintiff protectively filed an application for SSI; plaintiff's application was denied initially and on reconsideration. Tr. 21. After requesting a hearing, plaintiff and a vocational expert (VE) testified before an Administrative Law Judge (ALJ). Shortly thereafter, the ALJ issued a written decision finding that plaintiff was not disabled as of the alleged onset date. Plaintiff sought review from the Appeals Council, which denied the request for review. The Appeals Council also declined to consider supplemental evidence presented by plaintiff, determining that it was not relevant to the period before the ALJ's decision. Plaintiff now seeks judicial review from this Court.

Plaintiff was forty-four years old at the time of her application, with a high-school education. Tr. 32-33. She alleges disability since October 2010 due to carpal tunnel syndrome, degenerative disc disease, and depression.

## Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

## Commissioner's Decision

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the date of her SSI application. Tr. 23; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had severe impairments of degenerative disc disease in the lumbar and cervical spine; degenerative joint disease of the right lower extremity; carpal tunnel syndrome; affective disorder; anxiety disorder; personality disorder; and substance abuse. Tr. 24; 20 C.F.R. § 416.920(c). Considering plaintiff's substance abuse disorder, the ALJ found that her impairments met a "number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity"; however, without plaintiff's substance abuse, the ALJ found that plaintiff's impairments did not meet or equal a listed impairment. 20 C.F.R. § 416.920(d); Tr. 24-26.

The ALJ then determined that plaintiff had the residual functional capacity (RFC) to perform light work with occasional stooping and crawling; no climbing of ladders, ropes or scaffolds; and frequent fine fingering and gross handling. Tr. 26-27; 20 C.F.R. § 416.920(e). The ALJ also found that plaintiff "can understand, remember, and carry out simple, repetitive tasks and can concentrate in two hour increments with usual and customary breaks, in total for an eight hour workday." Tr. 27. The ALJ also found that plaintiff can work occasionally with the general public and in proximity to co-workers, and can interact frequently with supervisors. Based on this RFC finding, at step four the ALJ found that plaintiff was able to perform her past

relevant work as a cleaner and housekeeper. Tr. 32; 20 C.F.R. § 416.920(f).

Alternatively, at step five, the ALJ found that plaintiff could perform other work in assembly production or as a touch-up screener. Tr. 33; Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(g). Accordingly, the ALJ found plaintiff not disabled under the Act.

## Discussion

Plaintiff argues the ALJ erred by improperly discounting her testimony. Plaintiff also argues that the Appeals Council improperly failed to consider supplemental evidence and include such evidence in the record. Alternatively, plaintiff maintains that the supplemental evidence is new and material and warrants remand pursuant to sentence six for review by ALJ.

**A.    The ALJ's Evaluation of Plaintiff's Credibility**

Plaintiff contends that the ALJ improperly evaluated her testimony regarding the effects of carpal tunnel syndrome (CTS). Plaintiff contends that, contrary to the ALJ's findings, her daily activities do not exceed her claimed limitations and the minimal medical treatment she received is a reflection of her financial situation.

Once a claimant produces medical evidence of an impairment, the Commissioner may discredit the claimant's testimony as to the severity of symptoms only with clear and convincing reasons.

Lingenfelter v. Astrue, 405 F.3d 1028, 1036 (9th Cir. 2007). In making these determinations the ALJ is allowed to use ordinary techniques used in the evaluation of credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ may also consider inconsistent or unexplained claimant testimony, failure to follow a course of treatment or recommendations of doctors, evidence of self-limiting behaviors, and a claimant's work history. See id.; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that plaintiff's allegations were not credible for several reasons. Significantly, the ALJ noted that plaintiff had recent work experience inconsistent with the degree of disability she alleged. Tr. 28. At the administrative hearing, plaintiff testified that she worked five to eight hours per day, three to five days a week, at her substance abuse residential program. Tr. 44, 47. Her duties included answering the phone, making beds, and washing the dishes. Tr. 44, 47. When questioned about how this work affected her wrists and hands, plaintiff testified that her hands "hurt mostly at night" and "when [she is] not using them." Tr. 47. The ALJ also noted that several months prior to the hearing, plaintiff worked at a jail laundry facility from five to seven in the morning until four in the afternoon, during each day of her 45-day stay. Tr. 28, 50. Plaintiff testified that her wrists hurt, but that she was able

6 – OPINION AND ORDER

to complete the work because she wanted to earn her release. Tr. 65, 69.

I agree that this work history contradicts plaintiff's allegations of disability and supports the ALJ's credibility finding. "If a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999); see also Molina, 674 F.3d at 1113 ("Even where [a plaintiff's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). While plaintiff disagrees with the ALJ's interpretation of her work experience, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

The ALJ also found that plaintiff's CTS improved with treatment. Tr. 31. The record supports this finding, as plaintiff reported that the use of braces alleviated her wrist symptoms and a doctor found her CTS "well controlled with supportive therapies." Tr. 490, 492-93.

7 – OPINION AND ORDER

The ALJ also found that plaintiff made misrepresentations regarding her substance abuse. Tr. 29. In August 2010, plaintiff informed Dr. Slatick, an examining psychologist, that she had quit methamphetamine "for over a year" and "even gave up pot." Tr. 29, 419. However, in March 2010, a hospital physician reported that plaintiff had "stereotypic methamphetamine" behaviors and diagnosed her with methamphetamine abuse. Tr. 470-71. Further, at the administrative hearing in August 2012, plaintiff testified that, until three weeks prior, she had used marijuana "weekly" for thirty years and had used methamphetamine "once or twice a month" for fifteen years. Tr. 52. Thus, the finding that plaintiff was "not honest" with Dr. Slatick is supported by the record and is a valid basis for the adverse credibility finding. Tr. 29.

Finally, the ALJ found that plaintiff's history of conservative medical treatment detracted from her subjective complaints. Tr. 31. Plaintiff contests this finding, arguing that her limited financial means prevented her from seeking other medical treatment. I agree, in part. While the record reflects that plaintiff did not pursue consistent treatment for her CTS, I do not uphold the ALJ's finding that plaintiff failed to pursue medical treatment generally and could have utilized "charity" programs. Tr. 31.

However, plaintiff did not challenge the ALJ's findings regarding her work in the laundry, her improvement with treatment, or her misrepresentations of substance abuse. Thus, even if the ALJ erred in the evaluation of plaintiff's perceived conservative medical treatment, these additional reasons remain legally sufficient. See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008). Thus, because the ALJ provided clear and convincing reasons supported by the record, the ALJ's evaluation of plaintiff's credibility is upheld.

**B.    Supplemental Evidence Presented to the Appeals Council**

Plaintiff submitted sixteen pages of new medical records to the Appeals Council after the ALJ's September 2012 decision. The Appeals Council concluded that the supplemental records did not concern the period prior to the ALJ's decision and declined to include the new evidence in the record. Tr. 2.

Plaintiff contends that the Appeals Council "impermissibly" failed to consider the supplemental evidence relating to her disability. Pl.'s Brief at 9. Plaintiff maintains that the Appeals Council is required to consider such evidence and that it must be viewed as part of the record, citing Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157 (9th Cir. 2012). However, the Appeals Council's denial of plaintiff's request for review is not subject to judicial review. The Social Security Act permits judicial review of the agency's "final decision." 42 U.S.C. §

405(g). The Appeals Council's denial of a request for review is not a final decision; rather, such denial renders the ALJ's decision as the "final decision" of the Commissioner. Sims v. Apfel, 530 U.S. 103, 107 (2000).

Moreover, plaintiff's supplemental medical evidence is not part of the administrative record subject to review by this Court. Pursuant to the relevant agency regulation, "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). Here, the Appeals Council "looked at" the new evidence dated October 2013 to January 2014, and determined that the "new information is about a later time." Tr. 2. Therefore, the Appeals Council found that the supplemental evidence did not relate to the period on or before the ALJ's decision, and the evidence was not incorporated into the record.

Further, § 405(g) grants the Commissioner the discretion to prepare the administrative record: "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The Commissioner did not include the supplemental evidence in the transcript of record.

10 – OPINION AND ORDER

Finally, plaintiff's reliance on Brewes is unavailing. There, the Appeals Council accepted the proffered new evidence, made it part of the record, and determined that it did not provide a basis for changing the ALJ's decision. Brewes, 682 F.3d at 1161-62. The Ninth Circuit thus found that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record." Id. at 1163; see also Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) (finding that new evidence presented to the Appeals Council is properly before the court when the Appeals Council examined the additional material and concluded "that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.'"). Unlike Brewes, the Appeals Council here did not accept plaintiff's new evidence and did not incorporate such evidence into the record.

Alternatively, plaintiff argues that this Court should remand the case under "sentence six" of § 405(g). Sentence six permits remand to the agency to review "new evidence which is material," provided "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff arguably meets the "new" and "good cause" requirements for sentence six remand; the supplemental medical records were obtained after the ALJ's

11 - OPINION AND ORDER

decision and plaintiff contends that she lacked the financial ability to seek additional medical care prior to that time. However, plaintiff fails to demonstrate that the new evidence is material to the issue of disability.

To be material, the new evidence "bear directly and substantially on the matter in dispute" and demonstrate a "reasonable possibility" that the evidence would change the outcome of the administrative hearing. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). Here, plaintiff's supplemental medical records reflect three office visits and one cervical spine x-ray. Doc. 19-1. During an office visit in October 2013, plaintiff reported interrupted sleep due to "numbness" in her hands, and her provider gave her a set of wrist braces; plaintiff subsequently reported that the wrist braces and medication were "helping." Doc. 19-1 at 7, 11. In January 2014, plaintiff complained of neck pain, stinging in her hands, and difficulty grasping. However, plaintiff also had "pain free active [range of motion]" in both wrists. Doc. 19-1 at 2-3. Finally, a cervical spine x-ray in October 2013 showed "advanced degenerative changes." Doc. 19-1 at 5. Plaintiff contends that this evidence is material to the ALJ's decision and likely would have changed the outcome.

I disagree. The supplemental evidence is merely cumulative of other evidence in the record; i.e., that plaintiff had CTS

12 – OPINION AND ORDER

and degenerative disc disease and, although reporting neck and hand pain, she reported improvement with wrist braces and medication. Nonetheless, plaintiff argues that the x-ray may show that her disc degeneration is causing her CTS. However, as noted by the Commissioner, the ALJ found CTS to be a severe impairment, and the cause of this impairment is not determinative of plaintiff's functional limitations. Nothing in the supplemental evidence reflects limitations greater than those found by the ALJ.

Accordingly, the supplemental evidence does not support remand for further review under sentence six.

## Conclusion

The ALJ did not error in evaluating Plaintiff's credibility, and the new evidence presented by Plaintiff is not material and does not warrant remand pursuant to sentence six. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this 10th day of September, 2015.

Ann Aiken
U.S. District Judge